# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED COMMUNITIES LLC** <br> 222 Haddon Avenue, Suite 100 <br> Haddon Township, New Jersey 08108-2827 <br> <br> *Plaintiff,* <br> <br> v. <br> <br> **U.S. DEPARTMENT OF DEFENSE** <br> 1400 Defense Pentagon <br> Washington, DC 20301 <br> <br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Case No.: 1:25-cv-1962** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, United Communities LLC ("United Communities" or "Plaintiff"), by and through its undersigned counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* to compel Defendant, United States Department of Defense ("Defendant"), to produce non-exempt records responsive to United Communities' FOIA request and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. This Court has authority to grant injunctive relief pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

3. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. Venue is proper under FOIA, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5. United Communities has exhausted all administrative remedies and otherwise satisfied all conditions precedent necessary to bring this action.

## PARTIES

6. United Communities is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 222 Haddon Avenue, Suite 100, Haddon Township, New Jersey 08108-2827.

7. Defendant, United States Department of Defense, is an agency of the United States government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301.

8. Defendant has possession, custody, and control of the records to which United Communities seeks access.

## STATEMENT OF FACTS

9. On January 10, 2025, Smith Currie Oles LLP ("Smith Currie") on behalf of its client, United Communities, submitted a FOIA request (subsequently assigned FOIA case number 25-F-1935), attached hereto and incorporated herein by reference as **Exhibit A**, through the online OSD/JS FOIA Requester Service Center.

10. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to make a determination with respect to FOIA request 25-F-1935 within twenty (20) business days of receipt.

11. On January 13, 2025, Defendant provided an "interim response" to FOIA request 25-F-1935, which is attached hereto and incorporated herein by reference as **Exhibit B.**

12. In its response, Defendant acknowledged receipt of FOIA request 25-F-1935 and represented that it would "not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request."

13. Additionally, in its response, Defendant represented that they "are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination."

14. Defendant represented that FOIA request 25-F-1935 had been "placed in our complex processing queue" which consists of "4,567 open requests."

15. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(B)(i), Defendant's citation to "unusual circumstances" afforded it another ten (10) days to respond to FOIA request 25-F-1935.

16. As of the date of this Complaint, Defendant has acknowledged receipt of FOIA request 25-F-1935 but has failed to make a determination as to the request as required by FOIA.

17. FOIA request 25-F-1935 seek a copy of a single spreadsheet related to 2025 basic housing allowance ("BAH") rates.

18. Defendant's delay in making a determination as to FOIA request 25-F-1935 is unreasonable.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

19. Plaintiff re-alleges and incorporates paragraphs one (1) through seventeen (18) as if fully stated herein.

20. Defendant is an "agency" within the meaning of 5 U.S.C. § 551(1).

21. The records requested by FOIA request 25-F-1935 are "agency records" within the meaning of FOIA and Defendant has possession, custody, and control of the records requested.

22. Defendant has failed to make a timely determination as to FOIA request 25-F-1935.

23. Defendant has failed to make reasonable efforts to search for records responsive to FOIA request 25-F-1935 in violation of United Communities' rights under FOIA.

24. Defendant has failed to disclose and produce all non-exempt records, or portions thereof, responsive to FOIA request 25-F-1935 in violation of United Communities' rights to those records under FOIA.

25. Defendant has failed to reasonably segregate non-exempt portions of documents responsive to FOIA request 25-F-1935 from those portions subject to an exemption.

26. Defendant has failed to demonstrate that any of the records responsive to FOIA request 25-F-1935 are exempt from production.

27. The records sought by FOIA request 25-F-1935 are not exempt from production.

28. Defendant is improperly withholding agency records requested by FOIA request 25-F-1935.

29. United Communities is being harmed by Defendant's improper withholding of the requested records in violation of United Communities' rights under FOIA, and will continue to be harmed unless Defendant is compelled to produce to United Communities all non-exempt records, or portions thereof, responsive to FOIA request 25-F-1935.

30. United Communities is entitled to its reasonable attorneys' fees and costs pursuant to FOIA, 5 U.S.C § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Order Defendant to search for any and all records responsive to FOIA request 25-F-1935 and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests;

(b) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to FOIA request 25-F-1935;

(c)     Order Defendant to produce, by a date certain, any and all non-exempt records responsive to FOIA request 25-F-1935 and a *Vaughan* Index of any responsive records withheld under claim of exemption;

(d)     Grant United Communities an award of attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(e)     Grant such other relief as this Court deems just and proper.

Respectfully submitted this 23rd day of June 2025.

Respectfully submitted,

SMITH CURRIE OLES LLP

*/s/ Sarah Carpenter*
Sarah K. Carpenter (DC Bar #1044814)
G. Scott Walters (DC Bar # 974491)
Smith Currie Oles LLP
5727 Westpark Drive, Suite 200
Charlotte, NC 28217
PH: 704.335.5001
FX: 704.334.7850
Email: skcarpenter@smithcurrie.com
         gswalters@smithcurrie.com

*Counsel for Plaintiff United Communities LLC*